IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 AUG -4  PM 3: 40

TERRY AYERS,
                         Movant,

-vs-                                                          Case No.  A-16-CA-278-SS
                                                              [No. A-12-CR-234(12)-SS]
UNITED STATES OF AMERICA,
                         Respondent.

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Movant Terry Ayers's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255 [#812], Movant's Memorandum of Law [#814] in support, the Government's

Response [#820] in opposition, and Movant's Reply [#821], styled as "Petitioners Traverse to the

Governments Response," in support.  Having reviewed the documents, the governing law, and the

case file as a whole, the Court now enters the following opinion and orders DENYING the motion.

## Background

On June 19, 2012, Movant Terry Ayers was charged in a one-count indictment, along with

fourteen other defendants, with conspiracy to possess with intent to distribute one kilogram or more

of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(A).  Ayers entered a plea of guilty to the indictment without a plea agreement on January

16, 2013.  On May 3, 2013, the Court sentenced Ayers to 120 months' imprisonment, the statutory

minimum sentence, with five years of supervised release to follow.  *See* J. [#617] at 2–3; 28 U.S.C.

§ 841(b)(1)(A)(i) (proscribing 10-year minimum sentence for this offense).



Ayers appealed his conviction to the Fifth Circuit on May 9, 2013.  On appeal, Ayers argued: (1) this Court violated Federal Rule of Criminal Procedure 11(c)(1) "by participating in the plea process and coercing him to plead guilty"; (2) there was an insufficient factual basis to support his guilty plea, as the evidence showed "a buyer-seller relationship with members of the conspiracy," not his participation in a conspiracy; and (3) his guilty plea was not voluntary because this Court "did not explain the meaning of 'conspiracy.'"  *United States v. Ayers*, 583 F. App'x 383, 383–85 (5th Cir. 2014) (mem. op.) (per curiam).  The Fifth Circuit rejected all of these arguments and affirmed this Court's judgment by written opinion on October 29, 2014.  *See id.*  On March 2, 2015, the Supreme Court denied Ayers's petition for writ of certiorari.  *See* Writ Cert. Denied [#755].

Ayers's motion to vacate timely followed on April 13, 2015.  The motion is now ripe for decision.

## Analysis

### I.      Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal.  *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990).  If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised

on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.    Application

In his § 2255 motion, Ayers asserts the following grounds for relief, all of which allege ineffective assistance of counsel: (1) counsel was not admitted to the State Bar of Texas during his representation of Ayers; (2) counsel "waived . . . a[n] evident[i]ary hearing concerning the D.A.'s evidence"; (3) counsel "waived [Ayers's] right to a speedy trial without [his] consent"; (4) counsel denied Ayers the opportunity to review discovery; (5) counsel "stated that he did not know how to defend a conspiracy" and "did not have a defense prepared for trial . . . and only discussed pleading"; (6) counsel failed to object to the presentence investigation report; (7) counsel failed to object to the testimony of Federal Bureau of Investigation Special Agent Steven Hause at Ayers's sentencing; and (8) counsel failed "to object and preserve issues" concerning Ayers's Rule 11(c)(1) and factual basis arguments. As set forth below, none of Ayers's claims warrant § 2255 relief.

## A.    Ineffective Assistance

To prevail on an ineffective assistance of counsel claim, Ayers must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (citing *Strickland*). First, Ayers must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Id.* Second, Ayers must prove that he was prejudiced by counsel's substandard performance. *Id.* To prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841–42 (5th Cir. 2003)).

### 1.   Counsel's admission to the bar

First, Ayers contends his trial attorney, William J. Browning, was ineffective because he was not a member of the State Bar of Texas during the period of time he represented Ayers in this Court. Mr. Browning, however, has been a member of the Bar since November 1995, and has been practicing in the Western District of Texas for over twelve years. *See* Resp. [#820-2] Ex. 2 (Browning Aff.) at 2. Ayers's claim is thus factually inaccurate. Even if it was not, Ayers does not even attempt to demonstrate deficient performance or prejudice. Ayers's first argument is therefore rejected.

### 2.   "Waiver" of hearing

While Ayers's second argument is not entirely clear on the face of the § 2255 petition—Ayers states "Counsel was ineffective when he waived my first hearing which was a evident[i]ary hearing concerning the D.A.'s evidence"—his accompanying memorandum clarifies his objection is to counsel's waiver of Ayers's personal appearance at his arraignment and detention hearings "without Petitioners consent or knowledge." *See* Mem. [#814] at 5. This argument, too, is factually inaccurate. Browning avers he discussed both hearings with Ayers, *see* Browning Aff. at 2, and the Government appends two documents signed by Ayers, one waiving personal appearance at the arraignment and one waiving a detention hearing. *See* Resp. [#820-3] Ex. 3 (Waiver Personal Appearance Arraignment); *id.* [#820-4] Ex. 4 (Waiver Detention Hr'g). Ayers again fails to demonstrate either deficient performance or prejudice. His second argument is therefore rejected.

-4-

3.      **Waiver of Speedy Trial rights**

Ayers's third claim is that his counsel was ineffective by filing a July 9, 2012 motion for extension of time "without first consulting [Ayers]," thereby waiving Ayers's right to "a fast and speedy trial." Mem. [#814] at 5. Mr. Browning, however, states he filed the motion "with the full and informed consent of Defendant Ayers." Browning Aff. at 2. Further, as the motion itself states, counsel sought the extension because "[t]he Government ha[d] not yet provided the Defense with discovery materials," which counsel would "need time to review and process" to "determine if any pretrial motions will be necessary." Mot. Extend Time [#191] at 1. Even if Ayers's claim was factually accurate, he would be unable to demonstrate prejudice under these circumstances. Ayers's third argument is rejected.

4.      **Review of discovery**

Ayers next alleges his counsel was ineffective by "stat[ing] that he was not allowed to let the petitioner review[] or see the [d]iscovery" and that Ayers "did not have the right to review the [d]iscovery[.]" Mem. [#814] at 6. Petitioner provides nothing more in support of this claim other than those bare statements. Mr. Browning, on the other hand, avers he traveled to the Caldwell County Jail "numerous times" to "review[] hours of discovery with Defendant Ayers," including audio of phone calls and wiretap logs. Browning Aff. at 2–3. Additionally, as the Government points out, Ayers's own statements at his plea hearing contradict this claim. *See* Resp. [#820-6] Ex. 6 (Plea Hr'g Tr.) at 7–10. Again, aside from conclusory allegations, Ayers has failed to establish counsel's performance was deficient, and even assuming Ayers's claims are true, Ayers has failed to show the outcome of the proceedings would have been different absent these alleged events. Consequently, Ayers fails to show prejudice. His fourth ground for relief is therefore rejected.

### 5.      Counsel's alleged statements regarding conspiracy and preparation of a defense

In his fifth argument, Ayers claims Mr. Browning told him he had "never defended against a conspiracy charge and did not have a defense prepared for [Ayers's] case," and states his "belie[f] that this was in part a ploy to force [Ayers] to plead guilty[.]" Mem. [#814] at 7. These statements are flatly contradicted not only by Mr. Browning's sworn affidavit, *see* Browning Aff. at 3, but also by Ayers's statements during his plea hearing:

> THE COURT:  Now, are each of you making your plea of—are you each making your plea of guilty freely and voluntarily?  [. . .]
>
> DEFENDANT AYERS:  Yes, I am.  [. . .]
>
> THE COURT:  And are you pleading guilty because you are guilty and for no other reason? [. . .]
>
> DEFENDANT AYERS:  Yes. [. . .]
>
> THE COURT:  Has anyone threatened you or forced you in any way to make you plead guilty? [. . .]
>
> DEFENDANT AYERS:  No.

Plea Hr'g Tr. at 25–26. As Ayers's statements made in open court during his plea hearing "carry a strong presumption of verity," *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009), the Court places little weight on Ayers's current contradictory claims.  Once again, Ayers fails to establish either deficient performance or prejudice; his fifth argument is therefore rejected.

### 6.      Failure to object to the presentence investigation report

Sixth, Ayers contends his attorney was ineffective by failing to object to unspecified "factual mistakes" in the presentence investigation report.  Ayers neither identifies these alleged "factual mistakes" nor explains how the claimed failure to object to them establishes prejudice.  Further, the

record reveals that Mr. Browning filed a objection to the report concerning the amount of drugs attributed to Ayers.  *See* Resp. [#820-8] Ex. 8 (Objection to PSR).  Ayers's sixth argument is rejected.

### 7.    Failure to object to Special Agent Hause's testimony

Ayers next claims his attorney was ineffective for failing to object to the drug quantity determination provided by Special Agent Hause, who testified at Ayers's sentencing hearing.  The record of the case plainly reveals Mr. Browning objected to the drug quantity determination, did so at Ayers's request even though some of the objections were "probably moot under the sentencing guidelines," and cross-examined Special Agent Hause regarding same.  *See* Resp. [#820-7] Ex. 7 (Sentencing Hr'g Tr.) at 3:1–8; 46:20–22; 47–52.  Ayers's claim is therefore factually inaccurate, and he fails to demonstrate either deficient performance or prejudice.  His seventh argument is rejected.

### 8.    Failure to "object and preserve issues" concerning Ayers's Rule 11(c)(1) and factual basis arguments

Finally, Ayers contends in his petition that his counsel was ineffective because he failed to "object and preserve issues" related to Ayers's Rule 11(c)(1) and factual basis arguments.  Ayers fails to expand upon this claim in his memorandum in support.  In any event, as explained above, the Fifth Circuit considered and rejected both of these arguments on appeal.  Once again, Ayers fails to demonstrate either deficient performance or prejudice.  As such, this argument is rejected.

Ayers's § 2255 petition is denied in its entirety.

## Certificate of Appealability

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Ayers's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not issue.

## Conclusion

Accordingly:

IT IS ORDERED that Movant Terry Ayers's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#812] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the ___4th___ day of August 2016.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE